IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER P. KAPLAN, | ) | CASE NO. 1:11CV0945 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ED FITZGERALD, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Roger P. Kaplan filed this action invoking the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, against Ed Fitzgerald, Cuyahoga County Executive, Cuyahoga County, Edward G. Bohnert, Esq., and Sanjiv Das, CEO/Chairman Citimortgage. He has  alleged unjust enrichment and contends that the Common Pleas Court of Cuyahoga County has denied him due process of law.

This action arises out of a foreclosure action filed in state court, *Citimortgage v. Cottingham*, Case No. 10-CV-741079, wherein Plaintiff claims to be a party defendant. He asserts that the court would not treat him as a cross-defendant and would not give him time to amend petitions. He does not have any interest in owning or purchasing the property, but agreed to assert the rights of the obligor, as a non-adversary. Plaintiff asserts that the note has been paid in full yet the foreclosure action continues. Thus, the foreclosure action was to hide unjust enrichment of the parties seeking Reuben Cottingham's home. Plaintiff seeks enjoinment of the state foreclosure action, that Defendants credit the amount owed for the property and return to him the remaining amount, release of any lien and declaration that  all matters concerning this property to are *res judicata*.

The Common Pleas Court docket shows that the property, located at 1114 Homestead Road,

South Euclid, Ohio 44121is scheduled for sale on June 20, 2011. Also before the Court are Plaintiff's Motions for Preliminary Injunction (Doc. 3) and for Emergency Injunction requesting stay of the state foreclosure action (Doc. 4).

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)*(quoting Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

Title 28 U.S.C. § 2283, the Anti-Injunction Act states, in full, that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Unless the injunction falls within one of the three specifically defined exceptions, the Act creates an absolute prohibition against enjoining state court proceedings, *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 286-87 (1970), *abrogation on other grounds as recognized by Ark Blue Cross & Blue Shield v. Little Rock Cardiolaogy Clinic, P.A.*, 551 F.3d 812, 821-22 (8th Cir. 2009). The party pursuing the injunction bears the burden of establishing that the injunction falls within one of the exceptions. *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910,

2

918-919 (N.D. Ohio, 2008). There is no indication that any of the exceptions apply here. *See Sherman v. Saxon Mortg. Services, Inc*. 2010 WL 2465459, 6 (W.D.Tenn., Jun 14, 2010) (if the foreclosure action is still pending in state court, Plaintiffs' prayer for relief from the foreclosure is precluded by the Anti-Injunction Act).

Further, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three factors supporting abstention are present in this case. The issues presented are the subject of a state court foreclosure, which is of paramount state interest *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff had the opportunity to raise his argument in state court, albeit without success. This Court is not a court of appeals on state matters. Consequently, this Court is required to abstain from intervening in the state court proceedings.

If the foreclosure proceedings should be completed, the Court could be placed in the position of hearing an appeal from a state court action.  This Court cannot void a judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred

to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *Turner v. Lerner, Sampson & Rothfuss*, 2011 WL 1357451, 5 (N.D.Ohio, Apr. 11, 2011).

Accordingly, for the above reasons, this case is dismissed.

IT IS SO ORDERED.


Date:   *5/25/11*                                    */s/Dan Aaron Polster*
                                                     DAN AARON POLSTER
                                                     UNITED STATES DISTRICT JUDGE